# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | Criminal Action No. 1:11-cr-51 |
| v. | : | |
| | : | (Chief Judge Kane) |
| KENNETH LAMAR BLANDING, | : | |
| Defendant | : | |

## MEMORANDUM ORDER

Movant Kenneth Lamar Blanding pleaded guilty to distributing and possessing with the intent to distribute cocaine base in violation of 21 U.S.C. § 841, and on January 5, 2012, the Court sentenced him to a term of imprisonment to last 108 months. (Doc. No. 64.) On March 7, 2012, he filed a letter with the Court, inquiring whether he was entitled to a reduction pursuant to Amendment 750 to the United States Sentencing Guidelines. (Doc. No. 67.) The Court found that he was not entitled to a reduction, and denied his request on April 30, 2012. (Doc. No. 71.) On October 31, 2012, Movant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (Doc. No. 74.) In support of his motion, Movant asserts that he has engaged in substantial rehabilitation efforts.

Section 3582 provides that a court may not modify a term of imprisonment except: (1) in certain instances if the director of the Bureau of Prisons moves to reduce the sentence; (2) if expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) in certain instances if the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c). Rule 35 of the Federal Rules of Criminal Procedure permits a court to correct a clear error in a sentence or reduce a sentence for substantial assistance to the Government, on

1

motion from the Government. Fed. R. Crim. P. 35.

None of these circumstances apply in the instant case. Therefore, the Court cannot reduce Movant's sentence. In support of his motion, Movant relied on the United State Supreme Court decision in Pepper v. United States, 131 S. Ct. 1229 (2011). In Pepper, the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." Id. at 1241 (emphasis added). However, Movant's sentence has not been set aside on appeal; therefore, Pepper is not applicable.

**ACCORDINGLY**, on this 14th day of November 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion for a sentencing reduction (Doc. No. 74) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania